## AUGUSTUS F. FERRIS, APPELLANT, *v.* JOHN F. PLUMMER, RESPONDENT.

*Contract for the sale of real estate — an objection to the title, based on a decision of the General Term of the Supreme Court, will relieve the purchaser from accepting the title.*

The court will not compel one, who has entered into a contract for the purchase of real estate, to specifically perform his contract when his refusal to complete the purchase is based upon an objection which is sustained by a decision of the General Term of this court.

So long as no adverse decision has been made by a controlling authority, such an objection cannot be considered captious or unreasonable.

APPEAL from a judgment in favor of the defendant, entered in Kings county upon an order dismissing the complaint, with costs.

The action was brought to compel the defendant to specifically perform a contract for the purchase of certain real estate, to which the plaintiff acquired title through a deed from the sheriff of Kings county, made under and pursuant to a judgment of foreclosure and sale, entered in an action brought in the Supreme Court, Kings county, by William I. Preston against William H. Algie, to foreclose a mortgage for $5,000 on said property, dated October 18, 1884.

On February 11, 1885, William I. Preston, the plaintiff in said action, obtained from said court an order directing that the service of the summons therein be made upon the defendant Algie, the mortgagor and only defendant, under and pursuant to sections 435–437

of the Code of Civil Procedure, and on February 12, 1885, said service was duly made as required by said sections and order. On February 16, 1885, the affidavit of such service was duly filed in the Kings county clerk's office. A mortgage, a judgment and mechanics' liens, claimed by the defendant to be liens or incumbrances on said property, were filed or recorded subsequent to December 17, 1884, the date of the filing the notice of *lis pendens* in the action brought to foreclose the mortgage.

The defendant claimed that these incumbrances, though junior in date to the filing of the notice of *lis pendens*, were not barred thereby, or by the foreclosure proceeding, for the reason that those lienors were not parties to the suit and no personal service was made upon the defendant therein, but he was brought in by a substituted service and subsequently appeared; that such substituted service did not render the notice of *lis pendens* effectual. This was the only question raised and passed upon at the trial.

Mr. Justice CULLEN, before whom the case was tried at Special Term, on account of a decision of the First Department at General Term, in the case of *Bogart* v. *Swezy* (26 Hun, 463), gave judgment for the defendant.

*B. F. Tracy*, for the appellant.

*Booraem & Hamilton*, for the respondent.

PRATT, J. :

The enforcement of specific performance always rests in the sound discretion of the court; and when it is made to appear that a reasonable doubt exists as to the validity of a title, the court will not compel a purchaser to take a title, but will leave the vendor to his action for damages.

In the case at bar we think the decision in *Bogart* v. *Swezy* (26 Hun, 463) raises enough doubt as to the validity of the title, so that specific performance should not be required. We cannot distinguish between the principle of that case and the case now presented. It has been said that a decision by a court of co-ordinate jurisdiction, adverse to the principle on which the title rests, will raise sufficient doubt; that specific performance will not be decreed though the court thinks the decision wrong. (Fry on Specific Per-

formance [3 Am. ed.], 433.) It would, therefore, not be profitable for us to discuss whether the decision in *Bogart* v. *Swezy* correctly states the law. We are constrained to say that an objection, based on a decision of a General Term of this court, cannot be considered captious or unreasonable on the part of a purchaser. So long as no adverse decision has been made by controlling authority, the holder of the title might find his market injured by the objection now raised. The decision at Special Term not to compel perform-ance was, therefore, right. Costs were, however, in the discretion of the court and we think should not have been given.

The judgment below will be modified by striking out the costs; no costs of appeal.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment modified, so far as to deny costs of trial, without costs to either party on appeal.